1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

# DISTRICT OF NEVADA

9
10

WILLIE SAMPSON,

11

    Petitioner,                          Case No. 3:15-cv-00238-RCJ-WGC

12

vs.                                **ORDER**

13

ISIDRO BACA, et al.,

14

    Respondents.

15
16
17

        This habeas matter is before the court on petitioner Sampson's motion for reconsideration of

18

this court's order dismissing his petition as second and successive (ECF No. 7).  Where a ruling has

19

resulted in final judgment or order, a motion for reconsideration may be construed either as a motion

20

to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59(e), or as a motion for relief

21

from judgment pursuant to Federal Rule 60(b).  *School Dist. No. 1J Multnomah County v. AC&S, Inc*.,

22

5 F.3d 1255, 1262 (9th Cir. 1993), cert. denied 512 U.S. 1236 (1994).

23

        Under Fed. R. Civ. P. 60(b) the court may relieve a party from a final judgment or order for the

24

following reasons:

25

        (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
evidence which by due diligence could not have been discovered in time to move for a

26

new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or
extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment

27

is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment
upon which it is based has been reversed or otherwise vacated, or it is no longer

28

equitable that the judgment should have prospective application; or (6) any other reason
justifying relief from the operation of the judgment.

1  Motions to reconsider are generally left to the discretion of the trial court.  *See Combs v. Nick Garin*

2  *Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).  In order to succeed on a motion to reconsider, a party

3  must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior

4  decision.  *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986),

5  aff'd in part and rev'd in part on other grounds 828 F.2d 514 (9th Cir. 1987).  Rule 59(e) of the Federal

6  Rules of Civil Procedure provides that any "motion to alter or amend a judgment shall be filed no later

7  than 28 days after entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should

8  not be granted, absent highly unusual circumstances, unless the district court is presented with newly

9  discovered evidence, committed clear error, or if there is an intervening change in the controlling law."

10  *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001), quoting *McDowell v. Calderon*, 197 F.3d 1253,

11  1255 (9th Cir. 1999).

12       Here, on June 11, 2015, this court dismissed this petition for lack of jurisdiction because it was

13  a second and successive petition (ECF No. 4).  In fact, petitioner Sampson's prior federal habeas

14  petition was on appeal before the Ninth Circuit. *Id*.; *see* Case No. 3:11-cv-00019-LRH-WGC, ECF No.

15  95.  Petitioner has failed to make any showing under either Rule 60(b) or 59(e) that this court's order

16  dismissing his petition as second and successive should be reversed.[1]

17       **IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration of this court's

18  order dismissing his petition as second and successive (ECF No. 7) is **DENIED**.

19

20       DATED: This 9th day of November, 2015.

21

22       _____
         UNITED STATES DISTRICT JUDGE

23

24

25

26

27  [1]

28  The court notes that the docket reflects that on October 6, 2015, the court of appeals granted petitioner a conditional writ of habeas corpus in Case No. 3:11-cv-00019-LRH-WGC (*see* ECF No. 97).